O

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

MARGARET ANN GLEASON,               )    Case No. EDCV 12-649-MLG
                                    )
              Plaintiff,            )    MEMORANDUM OPINION AND ORDER
                                    )
         v.                         )
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of the                 )
Social Security                     )
Administration,                     )
                                    )
              Defendant.            )
_____)

     Plaintiff Margaret Ann Gleason seeks judicial review of the Commissioner's final decision denying her application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. 42 U.S.C. § 1381 *et seq.* For the reasons set forth below, the decision of the Commissioner is affirmed.

## I.  Background

     Plaintiff was born on July 14, 1971, and has a high school education. (Administrative Record ("AR") at 20, 61.) She filed her application for SSI benefits on May 7, 2009, alleging disability beginning July 1, 2006, due to chronic pulmonary disease and mental disorders. (AR at 9, 61.)

Plaintiff's application was denied initially on September 10, 2009, and upon reconsideration on January 6, 2010. (AR at 9.) An administrative hearing was held on December 8, 2010, before Administrative Law Judge ("ALJ") Daniel G. Heely. Plaintiff, represented by counsel, testified, as did a Vocational Expert ("VE"). (AR at 9.)

On January 18, 2011, the ALJ issued an unfavorable decision. (AR at 9-21.) The ALJ determined that Plaintiff suffers from the severe impairments of chronic obstructive pulmonary disease and depression. Nevertheless, he found that Plaintiff has the residual functional capacity ("RFC") to perform a wide range of medium work activity, except that she "is limited to work involving simple repetitive tasks, she can never climb ladders, ropes and scaffolds, she cannot work with hazards such as moving machinery and unprotected heights, and cannot be exposed to concentrated fumes, dust and gases." (AR at 13.) The ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (AR at 20.) The Appeals Council denied review on March 14, 2012. (AR at 1.)

Plaintiff commenced this action for judicial review, and on September 14, 2012, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues. Plaintiff contends that the ALJ erred in two respects: (1) he improperly rejected the opinion of Plaintiff's treating psychiatrist, Dr. Wali; (2) his findings that Plaintiff could perform the jobs of kitchen helper and packer were inconsistent with the requirements of the jobs as determined by the Dictionary of Occupational Titles ("DOT"). (Joint Stip. at 2-3.) Plaintiff seeks remand for the payment of benefits or, in the alternative, remand for further administrative proceedings. (Joint Stip.

at 17.) Defendant requests that the ALJ's decision be affirmed or, if the Court finds that the ALJ committed reversible error, that the Court remand for further administrative proceedings. (Joint Stip. at 17-18.)

## II.  Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The decision of the Commissioner or ALJ must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

## III. Discussion

### A.    The ALJ Accorded Appropriate Weight to the Opinion of Dr. Wali

Plaintiff contends that the ALJ erred in rejecting the opinion of Dr. Wali, M.D., from Upland Community Counseling, where Plaintiff

received treatment for approximately two years.[1] (Joint Stip. at 2-8.) On October 28, 2010, Dr. Wali completed an assessment in which he indicated by checking boxes that Plaintiff was "unable to meet competitive standards" as to: performing at a consistent pace, accepting instructions and criticisms, getting along with co-workers, setting realistic goals, acting independently, dealing with stress of semi-skilled work, traveling in unfamiliar places, and using public transportation. (AR at 538-39.) Additionally, he said that Plaintiff was "seriously limited, but not precluded" in her ability to: remember procedures and instructions, maintain attention, maintain regular attendance, sustain a routine, work with others, ask questions, respond to changes, deal with normal stress, be aware of hazards, interact with the public, maintain socially appropriate behavior, and adhere to standards of neatness and cleanliness. (AR at 538-39.) In a very brief hand-written explanation, Dr. Wali noted that these limitations were due to Plaintiff's mood swings, anger outbursts, insomnia, medication side effects, and poor social skills. (AR at 539.)

The Commissioner is directed to weigh medical opinions based in part on their source, specifically, whether proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). An ALJ should generally accord greater probative weight to a treating physician's opinion than to opinions from

---

[1] Plaintiff asserts, and Defendant does not contest, that Dr. Wali is Plaintiff's treating psychiatrist. However, the Court's review of the record does not reveal any evidence that Dr. Wali ever directly treated or even examined Plaintiff. Instead, the treatment notes from Upland Community Counseling reflect that she was seen most often by Dr. Dau Nguyen, M.D., as well as by other physicians, none of whom were Dr. Wali. (AR at 338-364, 403-11, 455-65.) Regardless, there is substantial evidence to support the ALJ's decision to reject Dr. Wali's opinion, even assuming he is a treating physician.

4

non-treating sources. *See* 20 C.F.R. § 404.1527(d)(2). However, "the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002). In determining the appropriate weight to give a treating source opinion, the adjudicator considers the duration, nature, and extent of the treatment relationship. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); 20 C.F.R. § 404.1527(c)(2)(i)-(ii)). Additional factors to be considered in evaluating any medical opinion include, inter alia, "the amount of relevant evidence that supports the opinion and the quality of the explanation provided" and "the consistency of the medical opinion with the record as a whole." *Orn*, 495 F.3d at 631; 20 C.F.R. § 404.1527(c)(3)-(6)). If the ALJ decides to reject a treating physician's opinion in favor of a non-treating physician's contradictory opinion, the ALJ must give "specific and legitimate" reasons for doing so, which are supported by substantial evidence in the record. *Orn*, 495 F.3d at 632-33; *Lester*, 81 F.3d at 830.

Here, the ALJ explained that his decision to give "little weight" to Dr' Wali's assessment was based on the fact that Dr. Wali gave his opinion on a check-the-box form without providing specific facts to support the limitations he identified, and that his opinion was inconsistent with other evidence in the record. (AR at 20.) These were legitimate reasons for refusing to give Dr. Wali's opinion greater weight, which were supported by substantial evidence in the record.

The inconsistent evidence included the opinions of examining physicians Shint P. Parikh, Ph.D., a board eligible psychiatrist, and Reynaldo Abejuela, M.D. Plaintiff was evaluated by Dr. Parikh on April 1, 2007, and by Dr. Abejuela on August 18, 2009. Both doctors observed

that Plaintiff was neat and clean, cooperative, and had normal eye contact and gestures. (AR at 205, 388.) They also noted that she is able to take care of her personal hygiene and finances, and engages in normal daily activities such as household chores and watching TV. (AR at 208, 388.) Both found that her reasoning and comprehension are intact. (AR at 209-11, 388.) Dr. Parikh noted that Plaintiff gets along with family members, has close friends, and lives with her boyfriend. (AR at 208.) In contrast, Dr. Abejuela noted that Plaintiff reported her relations with family, friends, and neighbors as "poor." Both stated that Plaintiff reported hearing voices, and found that her mood was depressed. Dr. Parikh concluded that Plaintiff's ability to function in a work setting was not impaired, while Dr. Abejuela concluded that her occupational and social functioning impairment is "none to mild". (AR at 212, 391.)

A medical source opinion on an applicant's RFC may itself constitute substantial evidence if it rests on independent examination. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Here, Dr. Parikh and Dr. Abejuela each independently examined Plaintiff. Though these examinations took place approximate two years apart, both doctors made similar observations regarding her appearance and reached similar conclusions regarding her ability to function. Under these circumstances, it was not error for the ALJ to give these opinions significant weight.

Additionally, many of the extreme limitations found by Dr. Wali were contradicted by the treating records from Upland Community Center. Though Dr. Wali's found that Plaintiff was seriously limited or incapable of normal social interactions, an evaluation completed on September 16, 2009, by an Upland physician states that Plaintiff's

ability to interact with the public, coworkers, and supervisors was "good." (AR at 407.) An earlier evaluation, completed on September 13, 2007, also states that her behavior was "within normal limits." (AR at 338-339.) Likewise, though Dr. Wali found she was severely limited in her ability to adhere to standards of neatness and cleanliness, the 2007 evaluation states that her appearance and hygiene were also "within normal limits." (AR at 339.) Dr. Wali's conclusions are further contradicted by the 2007 evaluation's finding that Plaintiff's thought process and thought content were "within normal limits," and the 2009 evaluation's conclusions that Plaintiff's ability to adapt to workplace changes and be aware of hazards was "good."

While there are frequent notations throughout the Upland records that Plaintiff is bipolar, experiences moods swings, and reports hearing voices, it is not clear that these conditions support the extreme limitations assessed by Dr. Wali. (AR at 331-39.) Nor does Dr. Wali specifically explain how these conditions cause the limitations identified in his opinion, which was provided on a check-the-box form with very little commentary added. (AR at 538-39.) It was appropriate for the ALJ to reject this opinion due in part to its format and Dr. Wali's failure to provide an adequate supporting explanation for his conclusions. *See Molina v. Astrue,* 674 F.3d 1104, 111-12 (9th Cir. 2012). ("We have held that the ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions.") (internal citations and quotation marks omitted).

Furthermore, it appears that the Upland treatment records provided the only basis for Dr. Wali's assessment, as there is no evidence that Dr. Wali personally treated or examined Plaintiff. In this context, the inconsistencies in the records and their lack of clear support for Dr.

7

Wali's conclusions are of particular import. Accordingly, the ALJ's decision to reject Dr. Wali's opinion as inconsistent with other evidence in the record was supported by substantial evidence.

**B.   The ALJ Properly Found that there Are Jobs that Plaintiff Can Perform in the National Economy**

The ALJ determined that Plaintiff could perform a wide range of medium work, but that "she cannot work with hazards such as moving machinery and unprotected heights." (AR at 13.) At the administrative hearing, the ALJ had asked the VE a hypothetical regarding the jobs that could be performed by someone with Plaintiff's background and limitations, including that the person "could not work around hazards, like moving dangerous machinery . . ." (AR at 58.) In response, the VE testified that Plaintiff could perform the jobs of kitchen helper (DOT 318.687-010) and Packer (DOT 920.587-018). The ALJ relied on the VE's testimony to find that Plaintiff was able to perform jobs which exist in significant numbers in the economy. (AR at 20-21.)

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence because both jobs identified by the VE require Plaintiff to work around machinery, despite the ALJ's RFC determination that Plaintiff "cannot work with hazards such as moving machinery." (Joint Stip. at 11-15.) Citing to the DOT description of kitchen helper, Plaintiff points out that the job would involve using machines to wash garbage cans, wash dishes, and polish silver. (Join Stip. at 13). With respect to the job of packager, Plaintiff notes it would require her to use a conveyer belt. (AR at 14.)

When an ALJ determines that a job may be performed in a manner "that contradicts the [DOT], the record must contain 'persuasive evidence to support the deviation.'" *Pinto v. Massanari*, 249 F.3d 840,

845-46 (9th Cir. 2001) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)). Here, however, Plaintiff has not shown that the VE's testimony and the ALJ's finding contradict the DOT. While Plaintiff is correct that the DOT descriptions suggest that the jobs of kitchen helper and packer require work with machinery to some degree, the logical reading of the ALJ's RFC determination is that Plaintiff is unable to work with hazardous machinery. The ALJ's opinion contains nothing to suggest that he meant to find that Plaintiff was precluded from working around any and all machinery, and his hypothetical to the VE indicated that he was concerned with *dangerous* machinery. (AR at 58); *see also* Black's Law Dictionary (9th ed. 2009) (defining "hazard" as "danger or peril"). Plaintiff has made no showing that the types of machines associated with the jobs of kitchen helper and packer are hazardous. To the contrary, the DOT specifically states that exposure to moving mechanical parts, electric shock, high exposed places, radiation, explosives, or toxic caustic chemicals is "not present" in both jobs. DOT 318.687-010; DOT 920.587-018.

Furthermore, the DOT description for both kitchen helper and packer state that workers perform "any combination" of the tasks listed, but do not state that a worker is required to perform all of them. DOT 318.687-010; DOT 920.587-018. Both job descriptions include multiple tasks that do not involve the use of a machine.

Accordingly, there was no inconsistency between the VE's testimony and the DOT, and the ALJ's determination that Plaintiff could perform the jobs identified by the VE was supported by substantial evidence.

//

//

//

**IV. Conclusion**

For the reasons stated above, the decision of the Social Security Commissioner is **AFFIRMED** and the action is **DISMISSED** with prejudice.

DATED: September 21, 2012

                                        MARC L. GOLDMAN
                                     Marc L. Goldman
                                     United States Magistrate Judge